Central District and Printing Telegraph Company, Appellant, *v.* Otis Elevator Company.

*Negligence—Evidence—Nonsuit.*

In an action by a telegraph company against an elevator company, to recover damages for the destruction of property, it appeared that the defendant was called upon to repair cable connections in an elevator belonging to a third party. In doing the work an employee of the defendant in order to melt metal, took a burning plumber's furnace into the shaft, placed it on a plank which he knew to be greasy, and

during the progress of his work his foot slipped, struck the furnace and knocked it off the plank and it fell down the shaft and ignited the greasy covering of the cables and wires of the defendant and destroyed them. The presence of the wires was known to the defendant's employee. There was evidence that the work could have been done without taking a lighted furnace into the shaft. There was no evidence that the course pursued was not the ordinary way of doing the work. The court below entered a compulsory nonsuit which it refused to take off. The six judges of the appellate court who heard the appeal from the judgment, were equally divided in opinion, and the judgment was affirmed.

Argued April 22, 1912. Appeal, No. 130, April T., 1912, by plaintiff, from order of C. P. No. 3, Allegheny Co., May T., 1909, No. 46, refusing to take off nonsuit in case of Central District and Printing Telegraph Company v. Otis Elevator Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for injuries to property.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, EVANS, J., filing the following opinion:

This case comes before the court on motion ex parte plaintiff to take off judgment of compulsory nonsuit.

On trial of the case, it appeared from the plaintiff's testimony that the plaintiff owned and maintained certain telephone wires in the Farmers' Bank Building, and that these wires, or some of them, were located in an elevator shaft adjoining elevator No. 1.

The defendant, the Otis Elevator Company, was called upon to repair the cable connections to this elevator, and in the course of making such repairs the employee of the defendant company, in order to melt Babbitt metal, took a burning plumber's furnace into the elevator shaft, placed it on a plank, and during the progress of his work his foot slipped, struck the furnace and knocked it off the plank, and it fell down the elevator shaft and ignited the covering of the cables and wires of the defendant company

and destroyed them. There was evidence that the work could have been done without taking a lighted furnace into the elevator shaft. Of course there was also evidence that it could not be done, but for the purpose of this case we will assume the truth of the former. There was no evidence that the customary or ordinary way of doing the work was other than as done on this occasion. The presence of the wires was known to the employee of the defendant company, as was also the fact that the wires were greasy and that the plank upon which he stood and placed his furnace had more or less grease upon it.

The question urged by the plaintiff was, that there was sufficient evidence from which a jury might find that it was negligence on the part of the employee of defendant company to take the furnace into the elevator shaft.

There was no direct danger to the plaintiff's property, or to any other property, from the mere taking of the furnace into the elevator shaft. The mere presence of the fire in the shaft would ignite nothing and injure nothing. It required an accident similar to the one that occurred in this case in order that damage might be done.

The question then presents itself—was the probability of such an accident such that it was negligence on the part of the employee of defendant company to take his furnace into the elevator shaft. We do not think that would be a reasonable inference from the evidence in this case. The happening of the accident is practically the only evidence as to the probability of an accident. The defendant is only held to ordinary care. As we stated, there was no danger from the mere fact of taking the fire into the elevator shaft, it required the accident to happen in order that injury should be sustained.

And now, November 23, 1911, the motion ex parte plaintiff to take off judgment of compulsory nonsuit is refused.

*Error assigned* was refusal to take off nonsuit.

*James S. Crawford,* with him *Patterson, Sterrett & Acheson,* for appellant.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* for appellee.

PER CURIAM, May 13, 1912:

The six judges who heard this case being equally divided in opinion, the judgment is affirmed.